UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEAN PRECOURT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0765-x |
| | § | |
| QUIRCH FOODS LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Quirch Foods LLC's motion to dismiss or in the alternative motion for a more definitive statement. (Doc. 10). Having considered the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff Dean Precourt's claims. Precourt is granted leave to file an amended complaint no later than 28 days from the issuance of this order that cures the defects this Order identifies.

## I.    Background

This case is about alleged unpaid commission. Dean Precourt worked as an account executive for Quirch Foods selling meats and other products to consumers. Quirch Foods paid Precourt a base salary and commission. He further states that during his time at Quirch Foods, he worked more than a 40-hour workweek.

He alleges that two years ago, "he was informed" that his payment structure would change from salary and commission to a straight 10% commission structure. But Precourt asserts the change in pay never occurred. So Precourt complained to

management that he did not receive the commission that he says he is entitled to. Afterwards, Precourt sent a demand letter to Quirch Foods and met with management about the pay discrepancy.

After the meeting, Quirch Foods placed Precourt on leave and—after he filed the complaint—ultimately terminated his employment. Precourt filed this action, bringing claims for violating the Fair Labor Standards Act (FLSA) overtime provisions and for FLSA retaliation.

## II.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1]  A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3]  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4]  And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

2

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pled in the complaint as true.[6]    That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

### III.    Analysis

This case is about unpaid commission.  The FLSA is about unpaid overtime. Because Precourt fails to allege non-conclusory facts about overtime wages, he has failed to state a claim for a violation of the FLSA retaliation and FLSA unpaid overtime.

To establish a violation of the FLSA's anti-retaliation provision, a plaintiff must plead "(1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse action."[8] Critical, "[t]o fall within the scope of the antiretaliation provision" the protected activity must assert "rights protected by the [Fair Labor Standards Act]." [9]

Here, the complaint is devoid of facts that the protected activity is a complaint about FLSA rights.  The complaint is principally about unpaid commission, which is not protected by the FLSA.  The only assertions regarding overtime wages are wholly conclusory.   Namely, the complaint states—without any facts to support the assertion—that Precourt worked in excess of 40-hour workweeks and the demand

---

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

[8] *Benge v. Highgate Holdings*, 2010 WL 2680113, at *2 (N.D. Tex. July 2, 2010) (Boyle, J.) (citing *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008)).

[9] *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

3

letter sent to Quirch Foods referenced the FLSA.  While the demand letter mentions the FLSA, it only does so about unpaid commission not overtime.  These assertions are insufficient, even at this stage, to state claim for retaliation under the FLSA.

Similarly, to state an overtime claim under FLSA, a plaintiff must plausibly allege: "(1) that an employer-employee relationship existed during the time that [the employee] worked in excess of forty hours per week; (2) that [the employee] engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due."[10] But again, Precourt has failed to plead facts that Defendant violated the FLSA's overtime wage requirements, an essential element to the claim.  Recall the complaint is about underpayment of commission, not the failure to pay overtime.

Additionally, even if this case were about overtime wages—which it is not—Precourt failed to plead *facts* that support the amount of overtime pay due.  The complaint "fails to allege facts supporting a plausible inference that [Precourt] worked a particular number of hours for which [he] was not paid or was underpaid."[11] So for this reason as well, Precourt failed to state a claim for unpaid overtime under the FLSA.

Precourt also has a claim for FLSA retaliation.  But that hinges on whether he engaged in FLSA protected activity, like complaining about unpaid overtime.

---

[10] *White v. U.S. Corr., LLC*, 996 F.3d 302, 309 (5th Cir. 2021).

[11] *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x. 897, 904 (5th Cir. 2020).

Because his retaliation claim builds on his defective overtime claim, it too is currently defective and warrants dismissal.

## IV.   Conclusion

Accordingly, the Court **GRANTS** Quirch Foods LLC's motion to dismiss. (Doc. 10).   The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Dean Precourt's claims.   Precourt is granted leave to file an amended complaint no later than 28 days from the issuance of this order.   The changes in the amended pleading are limited to curing the defects this order identifies and may not add new parties and/or claims.   Should Precourt fail to amend his complaint within the deadline, the Court will dismiss the claims with prejudice.

**IT IS SO ORDERED** this 29th day of June, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

5